COURT OF APPEALS
DECISION
DATED AND FILED

July 9, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2520**

**STATE OF WISCONSIN**

Cir. Ct. No. 2012FA2438

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE MARRIAGE OF:

MARY A. SCOTT,

    PETITIONER-APPELLANT,

 V.

DANIEL B. SCOTT,

    RESPONDENT-RESPONDENT.

 

APPEAL from an order of the circuit court for Dane County: RYAN D. NILSESTUEN, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Mary A. Scott appeals, pro se, from a postjudgment order that granted sole legal custody and primary physical placement of the parties' two minor children to Daniel B. Scott.[1]  On appeal, Mary alleges that reversal is required because: (1) court commissioners and the circuit court did not have "competency" to hear a modification motion or to issue orders; (2) orders of the circuit court commissioners and the circuit court were in error; (3) her attorney performed ineffectively; and (4) the guardian ad litem (GAL) was biased in favor of Daniel.  For the reasons set forth below, we reject these arguments and affirm.

## BACKGROUND

¶2      Mary and Daniel were married in July 2005, and had two minor children at the time the underlying divorce action was commenced in 2012.  Their older child was born in 2009 and their younger child was born in 2011.  In 2013, the parties stipulated to all matters raised in the action, except to those concerning legal custody and physical placement of the children.  Following a trial on these issues, the circuit court ordered joint legal custody and shared physical placement of the children.  The final judgment of divorce incorporated the court's order on custody and placement.

¶3      Litigation between the parties, primarily concerning their children, continued postjudgment.  At some point in 2017 or 2018, Mary was awarded sole legal custody and primary physical placement of the children, and the parties were operating under a 2018 temporary order that granted Daniel supervised periods of

---

[1] Because the parties share the same surname, for clarity and ease of reference, we refer to each party by their first name.

2

physical placement and a scheduled phone call with the children each weekday evening. On June 6, 2023, Daniel moved the circuit court for an order to modify legal custody, physical placement, and the financial support of the children.[2]

¶4 Daniel's motion triggered a referral to family court services for a legal custody and physical placement study and the appointment of a GAL to represent the best interests of the children. Daniel's motion also triggered numerous temporary orders, which gradually increased Daniel's periods of placement with the children. A temporary order issued by the court eventually allocated primary physical placement to Daniel.

¶5 In August 2024, the circuit court conducted an evidentiary hearing on issues of legal custody, physical placement, and support. Mary did not appear at the hearing despite receiving prior notice. At the hearing, a family court counselor testified about her completion of the custody and placement study and her recommendation that Daniel be awarded sole legal custody and primary physical placement of the parties' children. The GAL also recommended that the best interests of the children necessitated that sole legal custody and primary physical placement be awarded to Daniel.

¶6 The circuit court expressly considered each statutory factor relating to legal custody and physical placement in concluding that it was in the best interests of the children that Daniel be awarded sole legal custody and primary

---

[2] The record forwarded to this court does not appear to include the order or orders that modified the parties' joint legal custody and shared physical placement arrangement subsequent to the judgment of divorce. We have attempted to piece together an accurate chronology of the changing nature of Daniel's legal custody and physical placement with the parties' children based on the record we have.

physical placement of the children. Mary was ordered to pay child support. Mary was also found in contempt and to have engaged in overtrial, and was ordered to contribute to Daniel's attorney fees as a result. These determinations were incorporated into a written order. Mary appeals.

## STANDARD OF REVIEW

¶7     We review a circuit court's order concerning legal custody and physical placement as a mixed question of law and fact. *Wiederholt v. Fischer*, 169 Wis. 2d 524, 530-31, 485 N.W.2d 442 (Ct. App. 1992). We will not set aside the court's findings of fact unless they are clearly erroneous. *Id.* The court's ultimate determinations are independently reviewed for an erroneous exercise of discretion. *Id.* Under that standard, this court will uphold a circuit court's discretionary decisions if the circuit court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *State v. Jenkins*, 2007 WI 96, ¶30, 303 Wis. 2d 157, 736 N.W.2d 24 (citation omitted).

## DISCUSSION

¶8     Mary appeals aspects of the circuit court's final order that granted sole legal custody and primary physical placement of the two minor children to Daniel. To repeat, Mary argues that reversal is required because: (1) the court commissioners and circuit court did not have "competency" to hear the modification motion or issue orders; (2) the orders of the circuit court commissioners and the circuit court were in error; (3) her attorney performed ineffectively; and (4) the GAL was biased in favor of Daniel. We address, and reject, each argument in turn.

4

### I.     Competency

¶9      Mary asserts that neither the circuit court commissioners nor the circuit court had competency to preside over the case or issue orders regarding Daniel's June 2023 modification motion due to the December 2022 retirement of the judge in the circuit court branch that had been assigned to the case.  We interpret Mary to implicitly argue that the lack of notice of the judicial reassignment concerning the new judge resulted in "structurally flawed proceedings" that rendered subsequent orders void.[3]  We have an incomplete appellate record of all of the circuit court transactions in the lengthy history of this case.  But we assume without deciding that Mary did not receive notice of the judicial reassignment concerning the new judge.  Even with that assumption, Mary's argument still fails because Mary has forfeited the competency issue by failing to raise it in the circuit court.

¶10     Competency refers to a circuit court's ability to exercise subject matter jurisdiction.  *Kohler Co. v. Wixen*, 204 Wis. 2d 327, 337, 555 N.W.2d 640 (Ct. App. 1996).  The power to exercise subject matter jurisdiction is vested in Wisconsin courts by the Wisconsin Constitution.  *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶9, 273 Wis. 2d 76, 681 N.W.2d 190; WIS. CONST. art. VII, § 8 ("Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law."); WIS. STAT.

---

[3] Based on Mary's specificity in her appellate reply brief that "[t]he defect is competency" and she "does not dispute jurisdiction," we conclude that she concedes any arguments related to the circuit court's jurisdiction that might be suggested by her initial appellate brief.  *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (lack of reply to specific arguments may be taken as a concession).

§ 801.04 (2023-24) (jurisdictional requirements for civil actions).[4] Through statute, the state legislature may limit the ability of courts to exercise subject matter jurisdiction by imposing certain restrictions, such as statutory time limits or processes. *Sheboygan Cnty. DSS v. Matthew S.*, 2005 WI 84, ¶16, 282 Wis. 2d 150, 698 N.W.2d 631. A court's noncompliance with statutory requirements related to the exercise of subject matter jurisdiction over an individual case may cause a court to lose competency to adjudicate a particular issue or case. *Mikrut*, 273 Wis. 2d 76, ¶9.

¶11 Mary does not allege that she raised the issue of the competency of the circuit court commissioners or the circuit court in those proceedings, nor does she include record cites in her appellate briefing indicating that the issue was raised. In our non-exhaustive review of the record, we do not see any indication that it was. Our supreme court has generally concluded that, with some exceptions including mandatory time limits, a challenge to the circuit court's competency is forfeited if not raised in the circuit court "subject to the inherent authority of the reviewing court to disregard the [forfeiture] and address the merits of the unpreserved argument or to engage in discretionary review." *Id.*, ¶27; *see also Matthew S.*, 282 Wis. 2d 150, ¶30 (holding that a statutory time limit related to the termination of parental rights could not be forfeited even though it was not raised in the circuit court); *State v. Olson*, 2019 WI App 61, ¶11, 389 Wis. 2d 257, 936 N.W.2d 178 ("A party's failure to comply with a statutory time limit deprives a court of competency to proceed only when the time limit is mandatory.").

---

[4] All references to the Wisconsin Statutes are to the 2023-24 version.

¶12 Mary does not raise the issue of a mandatory time limit in her competency challenge here, nor does she cite supporting legal authority to show that her opposition to the court's competency may not be forfeited. She sets forth no reason why we should disregard her forfeiture of the issue of competency, and we decline to do so here.

**II. Court Orders**

¶13 Mary challenges temporary and final orders issued by circuit court commissioners and the circuit court regarding Daniel's modification motion. Mary alleges that these orders: were the result of hearings that lacked proper notice; exceeded the authority of court commissioners; lacked evidentiary support; and restricted Mary's ability to present her case, violating Wisconsin law and her constitutional rights to due process, fundamental fairness and freedom of religion, and her parental rights under the U.S. and Wisconsin constitutions. We are unpersuaded.

A. Court Commissioner Temporary Orders

¶14 Mary challenges temporary orders concerning legal custody and physical placement matters issued by circuit court commissioners on August 16, 2023, October 30, 2023, and January 4, 2024. Mary alleges that these temporary orders violated various procedural and substantive statutory requirements and impaired her rights as noted. We reject her arguments for at least the following reasons.

¶15 In regard to the temporary orders concerning legal custody and physical placement matters issued by circuit court commissioners, Mary failed to request de novo review by the circuit court, as permitted in WIS. STAT.

§ 767.17(1), (2) ("Any determination, order, or ruling by a circuit court commissioner under this chapter may be certified to the branch of court to which the case has been assigned, upon a motion of any party for a hearing de novo," provided that such a request is made within twenty days of the oral decision or the mailing of the written decision.).[5] As we recognized in *Jahimiak*, a circuit court's review of a court commissioner's order "remains necessary for the parties to retain the right to appellate review." *Jahimiak v. Jahimiak*, 2024 WI App 5, ¶21, 410 Wis. 2d 557, 2 N.W.3d 756. In other words, "[a] party cannot appeal a circuit court commissioner's written order, but must instead first obtain a final judgment or order from a circuit court." *Id.*, ¶21 n.10; *see also* WIS. STAT. RULE 809.01(1) (An "appeal" "means a review in an appellate court by appeal or writ of error authorized by law of a judgment or order of a circuit court."); *Dane County v. C.M.B.*, 165 Wis. 2d 703, 709, 478 N.W.2d 385 (1992) (an appeal by definition can only be from a judgment or order of a circuit court, and not from an order of a court commissioner). Because there was no request for de novo review concerning the topics of the temporary orders issued by the court commissioners to which Mary objects on appeal, we reject the entirety of her arguments concerning the court commissioners' temporary orders. *See Lamar Cent. Outdoor, LLC v. DHA*, 2019 WI 109, ¶41, 389 Wis. 2d 486, 936 N.W.2d 573 ("An appellate court need not address every issue raised by the parties when one issue is dispositive." (citation omitted)).

---

[5] The only issue for which Mary sought de novo review was the denial of a contempt motion she brought against Daniel, which was also denied by the circuit court. However, Mary does not raise the contempt issue on appeal, and we do not address it further.

¶16    Mary also challenges the circuit court's May 15, 2024 temporary order regarding physical placement of the children during the summer of 2024. The temporary order is no longer in force and effect, but was replaced by the November 2024 final order of the court, which, as we will discuss, we affirm. Therefore, Mary's appeal of the court's temporary order is moot and will not be considered. *See State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425 (an issue is moot when its resolution will have no practical effect on the underlying controversy; moot issues will not be considered on appeal).

### B.  The Circuit Court's Final Order

¶17    Mary challenges the circuit court's final order of November 20, 2024, on additional grounds, including that: she did not receive proper notice; the court granted relief in excess of that which Daniel requested in his June 2023 modification motion; and the court's decision lacked factual support.  We consider, and reject, each argument in turn.

¶18    The circuit court found that Mary did receive notice of the August 13, 2024 final hearing, which was scheduled in May 2024 and was referenced in various filings that Mary submitted to the court.  Mary fails to develop an argument that this finding was clearly erroneous.  Likewise, Mary does not develop an argument that the court granted relief beyond that which was requested by Daniel in his June 2023 modification motion.  Rather, she makes a conclusory assertion unsupported by any reference to record cites or to Daniel's motion.  She also argues that the court's final order lacked an "evidentiary foundation," but she does not otherwise specify what particular findings of the court or legal conclusions were lacking evidentiary support.  We reject these

arguments as conclusory and undeveloped. *See* ***Associates Fin. Servs. Co. of Wis., Inc. v. Brown***, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (the court may decline to consider conclusory and undeveloped arguments that are not adequately briefed).

### III.    Ineffective Assistance of Counsel

¶19    Mary argues that her trial counsel performed ineffectively, which she alleges prejudiced her ability to seek meaningful review of the temporary orders.[6] We reject Mary's arguments for at least the following reason.

¶20    Generally, the appropriate remedy for an ineffective assistance of counsel claim in a civil case is a separate legal malpractice action. ***Village of Big Bend v. Anderson***, 103 Wis. 2d 403, 406-07, 308 N.W.2d 887 (Ct. App. 1981). A litigant may also seek relief from unsatisfactory performance by counsel in the course of a civil case by moving the circuit court for relief under certain statutes, such as WIS. STAT. § 806.07, which may relieve a party from a judgment or order for any of the specified, statutory reasons and under a general catchall provision. *Id.* at 407-08. The record does not show, and Mary does not argue, that she moved for relief before the circuit court on this basis. We may also use our discretionary authority to order a reversal in egregious instances of incompetent counsel, such as when the losing party should have won but for extreme attorney negligence. *Id.* at 407. But Mary fails to detail any specific incident supporting

---

[6] The record indicates that Mary was represented by counsel in this matter sometime after Daniel filed his modification motion on June 6, 2023, until her counsel withdrew, with the circuit court's approval, on October 3, 2023.

her ineffective assistance of counsel argument, and she does not assert that her attorney's performance rises to extreme attorney negligence.

¶21 Mary cites to *Strickland v. Washington*, 466 U.S. 668 (1984), in support of her ineffective assistance of counsel claim. But *Strickland* applies to criminal proceedings in which defendants have a federal and state constitutional right to effective assistance of counsel. *Id.* at 686.

¶22 This is a civil proceeding, and unlike the constitutional right to counsel in a criminal case, in which *Strickland* applies, "[t]here is no express guarantee of representation by counsel in a civil matter." *See Anderson*, 103 Wis. 2d 403, 405 ("Unlike many criminal defendants … parties in a civil action retain the counsel of their choice.").

## IV. Bias

¶23 Mary argues that the GAL assigned to this case was biased in favor of Daniel because the GAL "consistently aligned with [Daniel's] position," and omitted or misrepresented facts that were favorable to Mary in the GAL's reports to the circuit court. Mary purports that these actions violated the GAL's statutory and ethical duties to act as a neutral advocate for the best interests of the children pursuant to WIS. STAT. § 767.407(4) and as a "neutral officer of the court."[7] We reject Mary's arguments on at least two grounds.

---

[7] Mary also argues that "as an agent of the court," the GAL violated his "fiduciary" responsibilities to "uphold[] the integrity of the proceedings" when he failed to intervene to correct "procedural irregularities," which Mary asserts violated her rights. Mary additionally argues that "[t]he cumulative effect of numerous jurisdictional and procedural violations … created a systemic and cascading pattern of prejudice against" her. Because we have already rejected Mary's claim that her rights were violated by purported jurisdictional and procedural irregularities, we do not address these arguments further. *See Lamar Cent. Outdoor, LLC v.*

(continued)

11

¶24    First, Mary fails to include record cites in support of her argument that the GAL omitted or misrepresented facts that were favorable to her. We deem this argument undeveloped and do not address it further. *See State v. McMorris*, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (this court "may choose not to consider … arguments that lack proper citations to the record").

¶25    Mary also mischaracterizes the role of a GAL and selectively reads WIS. STAT. § 767.407(4), which states in pertinent part:

> The [GAL] shall *be an advocate* for the best interests of a minor child as to paternity, legal custody, physical placement, and support. The [GAL] shall function independently, *in the same manner as an attorney for a party to the action*, and shall consider, but shall not be bound by, the wishes of the minor child or the positions of others as to the best interests of the minor child.

(Emphasis added.) This statutory language unambiguously establishes that a GAL in this context is first and foremost an advocate for the best interests of minor children. *See Hollister v. Hollister*, 173 Wis. 2d 413, 419, 496 N.W.2d 642 (Ct. App. 1992) (citation omitted). In fulfilling this role, the GAL is not a neutral officer of the court, as Mary suggests, but instead an advocate for the best interests of the minor children. The GAL is to be "treated as any other attorney acting as an

---

*DHA*, 2019 WI 109, ¶41, 389 Wis. 2d 486, 936 N.W.2d 573 ("An appellate court need not address every issue raised by the parties when one issue is dispositive." (citation omitted)).

Mary further argues that she was subjected to "systemic bias" and refers to an unrelated 2018 incident as evidence of this purported bias and the alleged improper influence in this case of a judge who was not involved in these proceedings. Because Mary includes no record cites that this argument was raised before the circuit court, and our non-exhaustive review of the record suggests that it was not, we deem it as both undeveloped and forfeited. *See Dieck v. Unified Sch. Dist. of Antigo*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (unsupported factual assertions need not be considered without a record cite); *see also State v. Dowdy*, 2012 WI 12, ¶5, 338 Wis. 2d 565, 808 N.W.2d 691 ("As a general rule, issues not raised in the circuit court will not be considered for the first time on appeal.").

advocate for a party in the proceeding" and functions independently of the court and parties. *Id.*

¶26 In making legal custody and physical placement recommendations, a GAL is directed to consider the wishes of minor children or the positions of others as to the best interests of the minor children, the enumerated "best interest" statutory factors set forth in WIS. STAT. § 767.41(5)(am), subject to § 767.41(5)(bm), and custody and placement studies under WIS. STAT. § 767.405(14). *See* WIS. STAT. § 767.407(4). Mary makes no argument that the GAL did not consider these factors in advocating for the children's best interests.

¶27 When a GAL submits reports to the circuit court or makes oral recommendations at a final hearing, we view those actions as if the GAL had submitted a brief or presented a final argument to the court. *Hollister*, 173 Wis. 2d at 420-21. It is within the court's discretion to adopt in whole or in part, or reject in whole or in part, the recommendations of the assigned GAL. *Goberville v. Goberville*, 2005 WI App 58, ¶11, 280 Wis. 2d 405, 694 N.W.2d 503. Then, based on the evidence and arguments submitted by the parties and the GAL, the court makes findings of fact and, based on those facts, exercises broad discretion to make a legal custody and physical placement determination for the minor children. *Hollister*, 173 Wis. 2d at 416; *Goberville*, 280 Wis. 2d 405, ¶6.

¶28 Here, Mary does not develop an argument that, as a result of the GAL's conduct, the circuit court erroneously exercised its discretion when it awarded Daniel sole legal custody and primary physical placement, and we reject her argument as undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we decline to address undeveloped arguments or arguments unsupported by legal authority).

13

### V.    All Other Arguments

¶29    While we make some allowances for pro se parties, "we cannot serve as both advocate and judge." *Id.* at 647. To the extent that Mary makes additional arguments in her appellate briefs that we have not explicitly addressed here, we reject those arguments as undeveloped, including for lack of legal or factual support. *See id.* at 646-67.

### VI.    Motion for Frivolous Costs

¶30    Daniel moves for an order based on frivolous briefing by Mary, pursuant to WIS. STAT. §§ 809.25(3) and 895.044(5). Whether an appeal is frivolous is a question of law. *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. Sanctions for a frivolous appeal will be imposed if the court concludes that the party "knew, or should have known, that the appeal … [had no] reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law." *Id.* (citing WIS. STAT. RULE 809.25(3)(c)2.). Although we give some allowance to pro se parties, the standard is objective, so we must examine what a reasonable person "in the position of this pro se litigant kn[e]w or [should] have known about the facts and the law relating to the arguments presented." *Holz v. Busy Bees Contracting, Inc.*, 223 Wis. 2d 598, 608, 589 N.W.2d 633 (Ct. App. 1998).

¶31    Importantly, to award costs and attorney fees, we "must conclude that the entire appeal is frivolous." *Howell*, 282 Wis. 2d 130, ¶9. In deciding whether an appeal is frivolous under WIS. STAT. RULE 809.25(3)(c)2., we "resolve all doubt in favor of finding the claim[s] nonfrivolous." *Dietscher v. Pension Bd. of Emps. Ret. Sys. of Milwaukee*, 2019 WI App 37, ¶56, 388 Wis. 2d 225, 932 N.W.2d 446 (citation omitted).

¶32    Admittedly, Mary's arguments on appeal are weak, consisting for the most part of conclusory assertions without citation to the record or applicable legal support. Concerning the circuit court's final order regarding legal custody and primary physical placement, Mary fails to recognize and apply the applicable legal standard that must be demonstrated to achieve a reversal of the court's decision. However, we cannot conclude that Mary's entire appeal lacks any "reasonable basis in law or equity." *See **Howell***, 282 Wis. 2d 130, ¶9 (quoting WIS. STAT. RULE 809.25(3)(c)2.). Specifically, Mary's challenge to the court's final order is a common subject of an appeal by a parent whose legal custody and physical placement rights are significantly reduced. Although we have concluded that Mary failed to allege or show that the court erroneously exercised its discretion, the record provides at least some of the raw material for such an argument. Accordingly, we conclude that the entire appeal is not frivolous.

## CONCLUSION

¶33    Accordingly, for the reasons stated above, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

15